UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PATRICK GILTON**            **CASE NO. 6:19-CV-00428 SEC P**

**VERSUS**            **JUDGE SUMMERHAYS**

**BORNE, ET AL**            **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Pro se complainant, Patrick Gilton, an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 3, 2019. [Rec. Doc. 1] Amended Complaints were filed on May 13, 2019 [rec. doc. 7], July 9, 2019 [rec. doc. 11], August 15, 2019 [rec. doc. 13] and October 21, 2019 [rec. doc. 14]. Plaintiff is currently incarcerated at the St. Mary Parish Jail in Centerville, La. (SMPJ). He names the following as defendants: Bofill Duhe, Suzanne DeMahy, Ashton R. St.Upery, Jane C. Pilant, Paul Scot, State of Louisiana, Anthony Saleme, Chad Ledet and Ross Fontenette. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## *Statement of the Case*

Plaintiff contends that he was in a vehicle with four other individuals when they were pulled over by the police who, upon approaching the car, stated that a store owner called and said he saw plaintiff and his friends smoking marijuana. He denies this claim. The driver and passengers of the vehicle were handcuffed and, following a search of the vehicle, guns, drugs and counterfeit money were found. According to plaintiff, the female in the vehicle admitted that the drugs and guns belonged to her, and the others, including plaintiff, were allowed to leave. Plaintiff was subsequently arrested and booked on several charges of drug and firearm possession, as well as monetary instrument abuse.[1] He remains incarcerated on these charges.

Plaintiff complains that the contraband found in the car was in the back seat, nowhere near where he was seated in the front passenger seat, and, therefore, he should not have been arrested. He asks that all charges be dropped and that he be compensated for emotional distress and the public humiliation of losing his job.

In the amended complaint filed on October 21, 2019 [rec. doc. 14], plaintiff references a battery on an officer charge and the state court proceedings related to it. He seems to be asking this Court to have these charges dropped as well.

---

[1] Plaintiff asserts that he was not arraigned on the same charges for which he was originally arrested and booked. However, this fact is of no moment to the matter at hand.

*Law and Analysis*

1. ***Frivolity Review***

Gilton has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

2. ***Release from Jail***

First, Gilton seeks a release from jail, asking that all charges against him be dropped. A petition for writ of habeas corpus is the proper procedural vehicle for an

inmate seeking an immediate release from custody. *See Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Before filing a federal habeas corpus action, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982). Such relief is not available by way of a civil rights proceeding.

### 3. *Emotional Injuries*

Gilton also seeks monetary compensation for emotional distress and public humiliation. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, Plaintiff does not allege that he suffered a physical injury, and he does not allege that he was a victim of a sexual act as defined in 18 U.S.C. § 2246.

4

Consequently, Plaintiff may not recover compensatory damages for any mental or emotional injuries.

Therefore,

**IT IS RECOMMENDED THAT** the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 21st day of November, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**